Edwin C. Barnes (Utah Bar No. 0217)
James W. Anderson (Utah Bar No. 09829)
Aaron D. Lebenta (Utah Bar No. 10180)
CLYDE, SNOW & SESSIONS, P.C.
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
jwa@clydesnow.com

Attorneys for Defendant
BANK OF UTAH, sued solely in its capacity
as Owner Trustee of the N887BA Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| COMMISSIONS IMPORT EXPORT S.A.,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF UTAH, solely in its capacity as Owner Trustee of the N887BA Trust; EQUATORIAL CONGO AIRLINES, S.A.; and REPUBLIC OF CONGO,<br><br>Defendants. | DECLARATION OF OLIVIER LOIZON IN SUPPORT OF BANK OF UTAH'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(b)(1)<br><br>Case No. 1:16-CV-00151-BSJ<br>(Judge Bruce S. Jenkins) |
|---|---|

## DECLARATION OF OLIVIER LOIZON

I, Olivier Loizon, declare as follows:

1. My name is Olivier Loizon. I am an avocat (attorney-at-law) licensed to practice law in France. I am a partner in the law firm of SLVF A.A.R.P.I., formerly Scemla Loizon Veverka & de Fontmichel A.A.R.P.I ("SLVF") in Paris, France. I know the facts stated here of my own personal knowledge, and, if called to do so, could and would testify competently to them.

2. I am conversationally fluent in English. I previously worked in the Paris office of the law firm of Clearly Gottlieb Steen & Hamilton LLP representing U.S. and other clients.

3. SLVF represents Equatorial Congo Airlines, S.A. ("ECAir"), including in recently-concluded litigation in the French courts. I was ECAir's lead attorney on that case. I have attached to this Declaration a true and correct copy of the decision of the Cour de Cassation, France's highest court (equivalent to the United States Supreme Court in the United States) affirming the decision in ECAir's favor issued earlier by the Paris Court of Appeal. I have been informed that a certified English translation of the Cour de Cassation decision has been provided to the Court concurrently with this Declaration.

4. The facts of the case were as follows. The Republic of Congo owed three Congolese corporations (the "Congolese corporations") more than €73 million in unpaid legal judgments. In 2011, the Congolese corporations had their judgments recognized in France, which enabled the Congolese corporations to execute on certain assets of the Republic of Congo in France to satisfy their judgments. In 2015, the Congolese corporations had a notice of attachment served by a bailiff on the captain of a Boeing 737 aircraft owned by ECAir that was on the ground at Paris CDG airport. As a result of the service of this notice of attachment, which

63623285

OL

did not require any court's authorization, ECAir's aircraft was seized. As it appeared from the notice of attachment, the Congolese corporations referred to ECAir as the Republic's alter ego (in French: "une émanation de la République de Congo"), justifying the seizure of ECAir's aircraft.

5   ECAir sought the lifting of the attachment from the local enforcement judge in Bobigny, near Paris. The enforcement judge lifted the attachment, deciding that ECAir is an independent corporation and ordering the aircraft released back to ECAir. . The Congolese corporations appealed that decision to the Paris Court of Appeal, which affirmed the lower court's decision.

6.   The Congolese corporations appealed the Court of Appeal's decision to the Cour de Cassation, the highest national court in France.

7.   In a decision issued on December 7, 2016, the Cour de Cassation upheld the Court of Appeal's decision in every respect. Under French law, proving that a subsidiary corporation is the alter ego of a foreign State (such as the Republic of Congo) requires evidence (i) that the State operates de facto day-to-day control of the subsidiary corporation, and (ii) that the subsidiary has no financial independence from the State. The Cour de Cassation determined that the Paris Court of Appeal had been right in deciding that ECAir's situation did not meet either of the two alter ego criteria.

8.   The Cour de Cassation (the French Supreme Court) upheld the Paris Court of Appeal's findings that ECAir functions like a lawful, independent corporation even though: (a) the Republic owns a large majority of ECAir's stock; (b) many of ECAir's directors are appointed by the Republic; (c) at least one director is a personal assistant to the Republic's President; (d) the Republic funds much of ECAir's operations and acquisitions; and (e) the

Republic guarantees ECAir's loans from third parties. The court required the Congolese corporations to pay ECAir €3,000 in costs.

Executed this 15th day of December, 2016 in Paris, France.

I declare under penalty of perjury under the laws of France and of the United States that the facts stated above are true and correct as of my own personal knowledge.

                                                  Olivier Loizon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of January, 2017, I caused a true and correct copy of the foregoing **DECLARATION OF OLIVIER LOIZON IN SUPPORT OF BANK OF UTAH'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(b)(1)** to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Jessica Ritchie
Jessica Ritchie