# EXHIBIT A



# CALIFORNIA CENTER FOR TRANSLATION AND INTERPRETATION

## CERTIFICATION OF TRANSLATION

This is to certify that California Center for Translation & Interpretation is an official agency providing translation and interpretation services. We have hired a professional translator to translate the attached document from French to English. The translator is fluent in both French and English languages and is fully competent to translate from French to English. The attached document is a true, accurate, and complete translation of the original French document to the best of the translator's knowledge and ability. The translation of the 4-page source document is on 3 pages.

Executed at          County: Los Angeles          State: California

Romina Vosoughi
_____
Typed Name of Translator/Representative

Date: December 15, 2016

_____
Signature

Prepared by California Center for
Translation & Interpretation
www.cacfti.com
Certified Translation
Doc# 26K   Date: 12/15/16

**VOID IF ALTERED IN ANY WAY**

*Note: Not valid without the original stamp and embossed seal*

California Center for Translation & Interpretation
www.cacfti.com
Telephone: (310) 584-7481          Email: info@cacfti.com
10940 Wilshire Blvd Suite #1600 Los Angeles, CA 90024

December 15, 2016

## CERTIFICATION OF TRANSLATOR

I, Miguel Toledo, do hereby certify that I am a registered translator of the French Language and an official court translator and interpreter in the State of California. I have translated the attached document from French to English:

Supreme Court Ruling No. 1403 F-D  FRANCE – Civil Division

I declare under penalty of perjury of the laws of the State of California that the foregoing is a true, correct, and complete translation of the attached document to the best of my ability and knowledge.

Executed at        County: Los Angeles County    State: California

Miguel Toledo
Court registration # 300817 (French)

CIV. 1                                                                                                          LG

## COUR DE CASSATION

Audience publique du **7 décembre 2016**

                                                                                                             Rejet

Mme BATUT, président

                                                                     Arrêt n° 1403 F-D

Pourvoi n° W 15-22.688

## RÉPUBLIQUE FRANÇAISE

### AU NOM DU PEUPLE FRANÇAIS

        LA COUR DE CASSATION, PREMIÈRE CHAMBRE CIVILE, a rendu l'arrêt suivant :

        Statuant sur le pourvoi formé par :

        1°/ la Société congolaise d'enlèvement des ordures ménagères et d'assainissement, dont le siège est avenue de la Tsiémé Ouenza, Brazzaville (République du Congo),

        2°/ la Société congolaise d'électrification et de canalisation, dont le siège est 3 avenue Benoît Loembet, Pointe-Noire, Brazzaville (République du Congo),

        3°/ la société Boissons africaines de Brazzaville, dont le siège est avenue Nouveau Pont Mpila, Brazzaville (République du Congo),

contre l'arrêt rendu le 25 juin 2015 par la cour d'appel de Paris (pôle 4, chambre 8), dans le litige les opposant à la société Equatorial Congo Airlines, dont le siège est boulevard Denis Sassou Nguesso, Brazzaville (République du Congo),

défenderesse à la cassation ;

California Center for
Translation & Interpretation
www.cacfti.com
Certified Translation

Les demanderesses invoquent, à l'appui de leur pourvoi, le moyen unique de cassation annexé au présent arrêt ;

Vu la communication faite au procureur général ;

LA COUR, en l'audience publique du 8 novembre 2016, où étaient présents : Mme Batut, président, Mme Gargoullaud, conseiller référendaire rapporteur, M. Matet, conseiller doyen, Mme Pecquenard, greffier de chambre ;

Sur le rapport de Mme Gargoullaud, conseiller référendaire, les observations de la SCP Foussard et Froger, avocat de la Société congolaise d'enlèvement des ordures ménagères et d'assainissement, de la Société congolaise d'électrification et de canalisation et de la société Boissons africaines de Brazzaville, de la SCP Spinosi et Sureau, avocat de la société Equatorial Congo Airlines, et après en avoir délibéré conformément à la loi ;

<u>Sur le moyen unique</u> :

Attendu, selon l'arrêt attaqué (Paris, 25 juin 2015), que la Société congolaise d'enlèvement des ordures ménagères et d'assainissement (SOCEMA), la Société congolaise d'électrification et de canalisation (SOCECA) et la société Boissons africaines de Brazzaville (BAB) ont fait procéder, le 11 avril 2015, à l'encontre de la République du Congo, à la saisie d'un aéronef appartenant à la société de droit congolais Equatorial Congo Airlines (ECAIR), pour recouvrement de la somme de 73 546 717,84 euros en exécution d'une décision d'un tribunal congolais, rendue exécutoire en France par une ordonnance d'un juge de l'exequatur du 12 mai 2011, devenue irrévocable ;

Attendu que les sociétés SOCEMA, SOCECA et BAB font grief à l'arrêt d'annuler la saisie, alors, selon le moyen :

*1°/ que, sans qu'il soit besoin que la personne morale soit fictive, les juges du fond peuvent retenir qu'une entité est une émanation de l'Etat dès lors que faute d'indépendance fonctionnelle suffisante, ils ne bénéficient pas d'une autonomie de droit et de fait à l'égard de l'Etat ; qu'en écartant l'idée d'émanation de l'Etat, s'agissant de la société ECAIR, sans prendre en compte, pour former sa conviction, les faits suivants : la circonstance que le capital a été entièrement libéré par l'Etat, que le Port autonome de Pointe-Noire prétendument actionnaire est un établissement public placé sous la tutelle du ministère des transports maritimes, que les intérêts dus à l'Etat ne sont pas payés, que l'Etat rembourse entre les mains d'une banque les mensualités d'emprunt de la société et encore le fait que le profit de la société est sans commune mesure avec l'importance des avances consenties par l'Etat, les juges du fond ont privé leur décision de*

California Center for
Translation & Interpretation
www.cacfti.com
Certified Translation

base légale au regard de la règle suivant laquelle le créancier peut appréhender un bien appartenant à une entité pour se payer d'une créance contre l'Etat, dès lors que cette entité est une émanation de l'Etat ;

2°/ que le point de savoir si une entité est une émanation de l'Etat à raison d'une autonomie fonctionnelle insuffisante, commande que le juge procède à un examen groupé, pour porter une appréciation d'ensemble sur les différents éléments susceptibles de caractériser l'absence d'indépendance fonctionnelle ; qu'en refusant de procéder à cet examen groupé, pour énoncer que le contrôle de l'Etat ne suffit pas à caractériser l'émanation, que les statuts ne révèlent pas de mainmise de l'Etat ou encore que la circonstance que de deux actionnaires sont étrangers à l'Etat suffise à établir l'indépendance fonctionnelle, sans mettre ces points en rapport avec d'autres éléments susceptibles d'établir l'absence d'indépendance fonctionnelle ou bien encore, en évoquant isolément les avances de l'Etat, les juges du fond ont privé leur décision de base légale au regard de la règle suivant laquelle le créancier peut appréhender un bien appartenant à une entité pour se payer d'une créance contre l'Etat, dès lors que cette entité est une émanation de l'Etat, les juges du fond ont privé leur décision de base légale au regard de la règle suivant laquelle le créancier peut appréhender un bien appartenant à une entité pour se payer d'une créance contre l'Etat, dès lors que cette entité est une émanation de l'Etat ;

Mais attendu que l'arrêt constate, par motifs propres et adoptés, que, d'abord, la société ECAIR fonctionne, selon ses statuts, comme une société anonyme et jouit de la personnalité morale ; qu'il relève qu'elle est administrée par un conseil d'administration dont deux membres, titulaires chacun de 15 % des actions, représentent une société privée et un établissement industriel et commercial, de sorte que, malgré la présence de quatre administrateurs représentant l'Etat congolais et d'un président conseiller du président de la République, l'indépendance fonctionnelle de la société se trouve établie ; qu'ensuite, il ajoute que le fait que l'Etat congolais soit propriétaire de 70 % des actions et ait consenti des prêts ou des avances pour acquérir des avions, ne permet pas d'établir, au regard du résultat d'exploitation et du patrimoine propre de la société, composé notamment de sept aéronefs, la confusion de patrimoine alléguée ; qu'en déduisant de ces constatations et appréciations souveraines que la société ECAIR n'était pas une émanation de la République du Congo, la cour d'appel, qui n'avait pas à suivre les parties dans le détail de leur argumentation, a légalement justifié sa décision ;

PAR CES MOTIFS :

REJETTE le pourvoi ;

California Center for
Translation & Interpretation
www.cacfti.com
Certified Translation

4                                                              1403

Condamne la Société congolaise d'enlèvement des ordures ménagères et d'assainissement, la Société congolaise d'électrification et de canalisation et la société Boissons africaines de Brazzaville aux dépens ;

Vu l'article 700 du code de procédure civile, rejette leur demande et les condamne à payer à la société Equatorial Congo Airlines la somme de 3 000 euros ;

Ainsi fait et jugé par la Cour de cassation, première chambre civile, et prononcé par le président en son audience publique du sept décembre deux mille seize.

California Center for
Translation & Interpretation
www.cacfti.com
Certified Translation

CIV. 1                                                                                                                LG

THE SUPREME COURT

Public hearing of December 7, 2016

                                                                                                        Appeal Denied

Miss BATUT, Presiding Judge

                                                                                                        Ruling No. 1403 F-D

Appeal No. W 15-22.688

THE FRENCH REPUBLIC

ON BEHALF OF THE FRENCH PEOPLE

The SUPREME COURT, FIRST CIVIL DIVISION has ruled as follows:

Pursuant to the appeal filed by:

1 – The Congolese Trash Disposal and Sanitation Company ("Societé congolaise d'enlèvements des ordures ménagères et d'assainissement"), with its head office at Avenue de la Tsiémé Ouenza, Brazzaville (in the Republic of Congo).

2 – The Congolese Water and Power Company ("Societé congolaise d'électrification et de canalization") with its head office at 3 Avenue Benoît Loembet, Pointe Noire, Brazzaville (in the Republic of Congo),

3 – The African Beverage Company of Brazzaville ("Societé Boissons africaines de Brazzaville), headquartered at Avenue Nouveau Pont Mpila, Brazzaville (in the Republic of Congo).

Contesting the ruling of June 25, 2015 by the Court of Appeal of Paris (Unit 4, Division 8) in the litigation between the three appealing plaintiff parties and Equatorial Congo Airlines, whose head office is at Boulevard Denis Sassou Nguesso, Brazzaville (in the Republic of Congo), and which is the defendant in this lawsuit.

In support of their appeal, the plaintiffs assert the sole legal ground which they have set forth in their brief attached to this lawsuit;

California Center for
Translation & Interpretation
www.cacfti.com
Certified Translation

2

We have reviewed the submission to the Attorney General ("le procureur général");

The COURT held a public hearing on November 8, 2016, before a panel consisting of Ms. Batut, the Presiding Judge; Ms. Gargoullaud, Deputy Judge of this Court ("la conseiller référendaire"); Mr. Matet, Dean of Investigatory Judges ("le conseiller doyen"); and Ms. Pecquenard, Chief Registrar ("le greffier de chambre").

Based on the opinion authored by Ms. Gargoullaud, Deputy Judge, and after taking account of the arguments made by the law firm of Foussard et Froger, representing the Congolese Trash Disposal and Sanitation, the Congolese Water and Power Company, and the African Beverage Company of Brazzaville, and by the law firm of Spinosi et Sureau, representing Equatorial Congo Airlines, and after deliberating in accordance with the law;

As to the sole ground of appeal:

Whereas, as set forth in the contested ruling of the Paris Court of Appeal (dated June 25, 2015), on April 11, 2015, the Congolese Trash Disposal and Sanitation Company (SOCEMA), the Congolese Water and Power Company (SOCECA), and the African Beverage Company of Brazzaville (BAB), executed on their judgment against the Republic of Congo by seizing an aircraft belonging to Equatorial Congo Airlines (ECAIR), a legally constituted Congolese company, to recover the sum of €73,546,717.84 awarded to the SOCEMA, SOCECA, and BAB by a Congolese court in a judgment rendered against the Republic, which judgment had been made enforceable in France through a May 12, 2011 order of exequatur judge and had become irrevocable;

Whereas, SOCEMA, SOCECA, and BAB now challenge the decisions of the trial court and Court of Appeal setting aside the seizure, and argue on appeal as follows:

*1/judges may hold that a legal entity is the State's alter ego ("l'émanation de l'Etat") when that entity lacks operational independence and cannot enjoy the benefits of legal or de facto autonomy from the State, even though it has been set up as a fictitious entity with its own corporate form; a court ruling is improper if it rejects the application of the concept of alter ego to ECAIR despite certain facts: the State has provided all of the company's capital investment funds, the autonomous port of Port-Noire, supposedly a stockholder, is a public entity controlled by the Ministry of Maritime Transportation, the State has not been received any dividend or interest on its invested funds, the State makes monthly loan re-payments for the company to its lender bank, and the company reports profits that do not account for the funds advanced to it by the State; based on these facts, the judges in the trial court and Court of Appeal should have applied the rule that a creditor is entitled to attach an asset belonging to an entity to satisfy a debt against the State when that entity is the State's alter ego;*

*2/ to determine whether an entity is the State's alter ego lacking sufficient operational autonomy, a judge must undertake a global factual assessment to reach a comprehensive understanding of the various elements that may show the absence of operational independence; and that the trial court and Court of Appeal failed to undertake this global assessment, and instead found insufficient evidence of State operational control, found*

California Center for
Translation & Interpretation
www.cacfti.com
Certified Translation

*operational independence, and decided that alter ego had not been proved, all based on the absence of any reference to the State's day-to-day control in the corporate by-laws and the existence of two non-State stockholders, and reached that decision without comparing these points to other elements that suggest a lack of operational independence, such the advance payments made by the State, and by these errors, the trial court and Court of Appeal failed to provide a proper legal basis to their decisions and disregarded the rule that a creditor is entitled to attach an asset belonging to an entity to satisfy a debt against State when that entity is the State's alter ego.*

But, as the trial court and Court of Appeal decisions stated, since ECAIR was formed, it has operated in accordance with its own by-laws and as a valid corporate entity; and, notably, is managed by a board of directors two of whose members represent a private company and an industrial and business establishment each holding 15% of ECAIR's shares, and thus, even though ECAIR's board includes four directors nominated by the Congolese government and a chairman who is an advisor to the President of the Republic, the company's operational independence is legally established; moreover, even though the Congolese State owns 70% of the stock and has made loans and advanced funds that enabled ECAIR to purchase aircraft, the evidence shows that the company generates its own operating income by managing its own assets, including a fleet of seven aircraft acquired with its investor's assistance; and this Court concludes that these findings support the inference that ECAIR is acting pursuant to its own valid corporate authority and is not the Republic of Congo's alter ego. This Court is not required to address each of the parties' arguments in detail; we conclude that the evidence presented provides a legal basis for upholding the ruling of the Court of Appeal;

ON THESE GROUNDS:

The appeal is DENIED;

Because the Court has ruled against the Congolese Trash Disposal and Sanitation Company, the Congolese Water and Power Company, and the African Beverage Company of Brazzaville, it is ordered:

Pursuant to Article 700 of the Code of Civil Procedure, the appeal is denied; and the losing parties are ordered to pay Equatorial Congo Airlines the sum of 3,000 Euros;

This is the determination and ruling of the Supreme Court, First Civil Division, as entered by the Presiding Judge in a court hearing open to the public on December 7, 2016.

**California Center for Translation & Interpretation**
www.cacfti.com
**Certified Translation**