Brian C. Webber (Utah Bar No. 8018)
LAW OFFICES OF BRIAN C. WEBBER
13214 S. Akagi Lane
Draper, Utah 84020
Tel: (801) 694-0538
Email: brian.c.webber@gmail.com

Robert Barnes (Pro hac vice pending)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, Suite 4400
Los Angeles, California 90017
Tel.: (213) 243 4180
Email: robert.barnes@apks.com

Attorneys for Defendant
EQUATORIAL CONGO AIRLINES, S.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., <br><br>     Plaintiff, <br><br> v. <br><br> BANK OF UTAH, solely in its capacity as Owner Trustee of the N887BA Trust; EQUATORIAL CONGO AIRLINES, S.A.; and REPUBLIC OF CONGO, <br><br>     Defendants. | ECAIR'S JOINDER IN BANK OF UTAH'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; ECAIR'S ALTERNATIVE MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO RULE 12(b)(3) AND MEMORANDUM IN SUPPORT OF MOTION <br><br> Case No. 1:16-CV-00151-BSJ <br> (Judge Bruce S. Jenkins) |

64013120

# TABLE OF CONTENTS

Page

MOTION ................................................................................................................... 1

    Relief Requested ................................................................................................. 1

    Grounds for Relief ............................................................................................. 1

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ................................... 2

    INTRODUCTION ................................................................................................ 2

    ARGUMENT ....................................................................................................... 3

        THIS DISTRICT IS AN IMPROPER VENUE FOR THIS ACTION .................. 3

            1.     Because The Aircraft Is In California, This Court Does Not Have *In Rem* Venue ..................................................................... 5

            2.     "Transactional" Venue Is Improper Because A Substantial Part Of The Events Or Omissions Giving Rise To The Claims Did Not Occur In This District ......................................... 8

    CONCLUSION .................................................................................................... 13

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aequitas Enterprises, LLC v. Interstate Investment Group, LLC*,
　2011 UT 82, 267 P.3d 923 ...........................................................................................8

*Alter v. FDIC*,
　57 F. Supp. 3d 1325 (D. Utah 2014) ...........................................................................13

*Atlantic Marine Construction Co. v. United States District Court for the Western
　District of Texas*,
　134 S. Ct. 568 (2013) ..................................................................................................13

*Baker v. General Motors Corp.*,
　522 U.S. 222 (1998) ......................................................................................................8

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
　928 F.2d 1509 (10th Cir. 1991) ..................................................................................14

*Chukwu v. Air France*,
　218 F. Supp. 2d 979 (N.D. Ill. 2002) ...................................................................12, 14

*Commissions Import Export S.A. v. Republic of Congo*,
　2012 WL 1468486 (S.D.N.Y. April 27, 2012) ...................................................5, 6, 14

*Continental Casualty Co. v. Argentine Republic*,
　893 F. Supp. 2d 747 (E.D. Va. 2012) .........................................................................13

*Danny P. v. Catholic Health Initiatives*,
　2015 WL 164183 (D. Utah Jan. 13, 2015) .................................................................14

*Elemary v. Philipp Holtzmann AG*,
　533 F. Supp. 2d 144 (D.D.C. 2008) ......................................................................10, 11

*Hansen v. PT Bank Negara Indonesia (Persero)*,
　706 F.3d 1244 (10th Cir. 2013) ....................................................................................4

*Interaction Research Corp. v. Philippine Airlines, Inc.*,
　1987 WL 14541 (D.D.C. Sept. 30, 1987) ...........................................................4, 13, 14

*Lima Delta Co. v. Global Aerospace, Inc.*,
　752 S.E.2d 135 (Ga. App. 2013) ..................................................................................7

*Oceanic Exploration Co. v. ConocoPhillips, Inc.*,
　2007 WL 420186 (D.D.C. Feb. 5, 2007) ...............................................................5, 14

*Shaffer v. Heitner*,
    433 U.S. 186 (1977) ................................................................................8

*Taylor v. Taylor*,
    192 Cal. 71 (1923) .................................................................................8

*Tifa Ltd. v. Republic of Ghana*,
    692 F. Supp. 393 (D.N.J. 1988) ....................................................9, 10, 12

*Wye Oak Technology, Inc. v. Republic of Iraq*,
    2010 WL 2613323 (E.D. Va. June 29, 2010) ...................................9, 10

*Yanuz v. 61 MM, Ltd.*,
    576 F.3d 1166 (10th Cir. 2009) ...............................................................3

**Statutes**

28 U.S.C. § 1391(f) ................................................................................ *passim*

28 U.S.C. § 1406(a) ...............................................................................13, 14

28 U.S.C. §1603(a) .......................................................................................4

28 U.S.C. § 1610(a) .................................................................................1, 4, 9

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................1

Fed. R. Civ. P. 12(b)(3) ................................................................................1, 3

Fed. R. Civ. P. 12(b)(6) .................................................................................1

## MOTION

### Relief Requested

Defendant Equatorial Congo Airlines, S.A. ("ECAir") joins the pending Motion To Dismiss First Amended Complaint of Defendant Bank of Utah, Dkt. No. 41.  Pursuant to this joinder, ECAir, through its counsel, moves the Court for an order dismissing the First Amended Complaint because it fails to state a claim on which relief may be granted and/or relates to an immune asset under the Foreign Sovereign Immunities Act.

Alternatively, by this Motion, ECAir moves the Court for an order dismissing this action for improper venue.

### Grounds for Relief

As stated more fully in Bank of Utah's pending Motion To Dismiss, ECAir moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the First Amended Complaint for any or all of the several reasons set forth in the Bank of Utah's Motion.

As also set forth in Bank of Utah's pending Motion To Dismiss, ECAir moves, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the First Amended Complaint because the Aircraft is immune from execution under 28 U.S.C. § 1610(a) of the Foreign Sovereign Immunities Act ("FSIA").

Alternatively, as set forth more fully below in this Motion and Memorandum, ECAir moves, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss the First Amended Complaint for improper venue under 28 U.S.C. § 1391(f)(1) because neither (i) "a substantial part of property that is subject of the action is situated" in this District, nor (ii) did "a substantial part of the events or omissions giving rise to the claim occur" here.

1

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

## <u>INTRODUCTION</u>

The Court should dismiss the First Amended Complaint for any or all of the reasons set forth in Bank of Utah's pending Motion To Dismiss, Dkt. No. 37.  ECAir adopts and incorporates here by reference the arguments set forth in Bank of Utah's motion papers.

Alternatively, the Court should dismiss because this District is an improper venue for this action under the FSIA's special venue statute, 28 U.S.C. § 1391(f).

The Aircraft—the "property that is the subject of the action"—is located in California. No property satisfying the *in rem* venue provision of Section 1391(f) is in Utah.

Nor is there "transactional" venue in this District under Section 1391(f).  At best, only an insubstantial "part of the events or omissions giving rise to the claim occurred" here. Substantially all of the events and omissions giving rise to the claims alleged in the First Amended Complaint occurred in Congo and in the states of California, Washington, and Illinois.

Plaintiff seeks to recover on its judgment against the Republic by seizing ECAir's interest in the California-stored Aircraft ECAir purchased from Boeing in Washington.  That judgment derived from events that occurred wholly in Congo, were adjudicated in European arbitrations and courts, and then reduced to a U.S. judgment in the District of Columbia.

Plaintiff's claim to ECAir's interest in the Aircraft turns on proving that the Republic is ECAir's alter ego.  As alleged in the First Amended Complaint, the Republic's relationship with ECAir is defined by (i) events that happened in Congo, and to a lesser extent, by (ii) the Republic's role, if any, in the purchase of the Aircraft from Boeing in Washington, (iii) the financing of that purchase through a commercial loan negotiated among the Chicago-based

2

lender, ECAir's officers in Congo, and its counsel in Belgium, and (iv) the delivery of the Aircraft to ECAir in Washington and its delivery to California for storage.  The lawsuit's only link to Utah is that the owner trustee of the non-citizen aircraft trust that owns the Aircraft, Defendant Bank of Utah, resides here.  But, under Section 1391(f), unlike under the general venue statute, the defendant's residence is irrelevant to proper venue.

Further, the Aircraft's owner trustee is a nominal defendant.  Bank of Utah has *not* played any *substantial* part in the events or omissions giving rise to Plaintiff's claims to the Aircraft. According to the First Amended Complaint, the Trust exists "for the sole purpose of effecting registration with the FAA and holding legal title thereto."  As trustee, Bank of Utah has no financial, operative, or control rights over the Aircraft—it takes direction from the beneficial owner ECAir in Congo and the holder of the first security interest in Chicago.  Bank of Utah can do nothing to affect the outcome of Plaintiff's claims.  Moreover, only a California court, not this Court, could order attachment and execution on the Aircraft to satisfy Plaintiff's judgment.

For all these reasons, this Court lacks transactional venue over the action.

Because neither *in* rem venue nor transactional venue is proper in this District, the Court should dismiss the action.

## ARGUMENT

### THIS DISTRICT IS AN IMPROPER VENUE FOR THIS ACTION

This Court determines a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).  *See Yanuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173 (10th Cir. 2009) (affirming dismissal for improper venue of action over Oklahoma real property filed by Turkish plaintiff against U.S., Swiss, and Panama defendants because proper venue is Swiss court).

3

Plaintiff alleges venue in this District pursuant to *both* the general venue statute *and* 28 U.S.C. § 1391(f).  *See* First Amended Complaint ("FAC") at ¶ 7.  The general venue statute is inapplicable here; only Section 1391(f) applies.

Section 1391(f) supplies "the special venue provisions . . . for suits against a foreign state, or political subdivision or instrumentality of a foreign state."  *Interaction Research Corp. v. Philippine Airlines, Inc.*, 1987 WL 14541 at *1 (D.D.C. Sept. 30, 1987).  Section 1391(f)(1)[1] provides, in pertinent part:

> A civil action against a foreign state as defined in section 1603(a) of this title may be brought – (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated.

As this statute requires, Defendant Republic of Congo is a "foreign state within the meaning of 28 U.S.C. §1603(a)."  FAC at ¶ 4.  Further, because ECAir is majority-owned by the Republic, *id.* at ¶ 103, it is an "instrumentality" of the Republic and also deemed to be a "foreign state" under Section 1603(a) of the FSIA.  *See Hansen v. PT Bank Negara Indonesia (Persero)*,706 F.3d 1244, 1248 (10th Cir. 2013) (entity that is "majority-owned by the government of Indonesia, qualifies as foreign state under the FSIA, and as such, it is presumptively immune").  Thus, Section 1391(f) controls the propriety of venue in this action.

In contrast to the general venue statute, Section 1391(f) *does not* include a residence-of-the-defendant provision.  *See Oceanic Exploration Co. v. ConocoPhillips, Inc.*, 2007 WL 420186

---

[1]  Plaintiff alleges venue under only Section 1391(f)(1).  *See* FAC at ¶ 7.  None of the other venue grounds in Section 1391(f) applies here:  this lawsuit does not involve a maritime lien, 28 U.S.C. § 1391(f)(2), nor is this a district where the Republic or ECAir is licensed to do business, *id*. at § 1391(f)(3), nor is it the default venue of the District of Columbia.  *Id*. at § 1391(f)(4).

at *1 (D.D.C. Feb. 5, 2007) ("Under all the statutes cited by plaintiffs in their complaint as bases for venue *except* 28 U.S.C. § 1391(f), a plaintiff can bring an action where the defendant resides.").  Thus, Plaintiff's allegation of venue in this District because Defendant Bank of Utah "resides" here, FAC at ¶ 7, is misplaced.

As explained below, the Court should dismiss this action because the First Amended Complaint does not satisfy either the *in rem* or the transactional requirements of Section 1391(f) that could make venue proper in this District.

**1.      Because The Aircraft Is In California, This Court Does Not Have *In Rem* Venue**

Plaintiff alleges that venue is proper here under the *in rem* provision of Section 1391(f) because, so Plaintiff alleges, "a substantial part of the property that is the subject of this action is located in this judicial district."  *See* FAC at ¶ 7.  This allegation is incorrect as a matter of law— and Plaintiff must know that because it was itself not only the losing party in the sole reported case construing Section 1391(f)'s *in rem* provision, but that case actually involved the very same foreign judgment against the Republic of Congo that Plaintiff is attempting to enforce here through its First Amended Complaint.

In *Commissions Import Export S.A. v. Republic of Congo*, 2012 WL 1468486 (S.D.N.Y. April 27, 2012), this Plaintiff sought to enforce its judgment against the Republic in the Southern District of New York.  The district court granted the Republic's Rule 12(b)(3) motion.  *Id.* at *2. Among its losing arguments to the New York court, Plaintiff alleged *in rem* venue because—in an allegation with clear echoes to this Utah action—the Republic used a New York "trustee payment agent" as an intermediary to transfer funds to the U.K.-based servicer of the Republic's dollar-denominated bonds (and who then paid interest to the bondholders from the U.K.).  *Id.*

Plaintiff argued that venue existed as long as there was "any Congolese property in this district." *Id*. The court described Plaintiff's local-trustee-facilitator argument as "an extremely broad construction" of the venue statute that is "legally and factually untenable." *Id*. The New York district court held that *in rem* venue under Section 1391(f) requires that "a specific and identifiable piece of property" that is "the subject of the action" must be located in the forum district. *Id*. at *2-3.

This Utah action seeks to execute on the Trust's single asset, the Aircraft located in California. FAC at ¶ 57. The Aircraft is "the subject of the action" here. This geography renders this District an improper *in rem* venue for the action.

Plaintiff seeks to maneuver around its true purpose in this action by alleging that it is seeking only to take over ECAir's intangible beneficial interest in the Trust's estate, rather than claiming the Aircraft itself by attachment and execution. Even if this is accepted at face value, it still would not satisfy *in rem* venue under the New York *Commissions* decision. Just as funds held by the New York-based trustee payment agent did not create *in rem* venue in New York, so an intangible beneficial interest administered by a Utah-based owner trustee is not "a specific and identifiable piece of property" in this District. On the contrary, only the actual tangible asset the Trust holds—the Aircraft—meets that definition.

In any event, Plaintiff's word-play over the true target of its lawsuit does not reflect what the Plaintiff is after in this action. The Trust estate has nothing other than the Aircraft, *see* FAC at ¶ 51—indeed, it is an "aircraft owner trust" set up specifically, and *solely*, to hold the Aircraft's nominal ownership. *See id*. at ¶ 56 ("the Aircraft [] is held in trust by BOU, as Owner Trustee for the sole purpose of effecting registration of the Aircraft with the FAA and holding

legal title thereto.")[2]  This lawsuit is all about liquidating an asset—the Aircraft—alleged to be

secretly owned by the Republic, Plaintiff's judgment debtor, to satisfy an unpaid judgment owed

to Plaintiff, and nothing else.  Plaintiff is not litigating here to obtain a non-monetizable,

intangible beneficial trust interest; rather, it wants the monetizable asset that constitutes the

Trust's estate.  *See* FAC at 23 n.3 (Plaintiff claims net value of Aircraft).  Put another way,

Plaintiff would surely refuse a stipulation disavowing any intention to attach, execute on, and sell

off the Aircraft to satisfy Plaintiff's outstanding judgment against the Republic.  The Court

should see through Plaintiff's verbal camouflage—"the subject of this action" is a tangible asset

located outside Utah, and this Court is an improper *in rem* venue for such an action.

      If Plaintiff had an aim in mind other than executing on the Aircraft, it would not have

started this litigation in March 2016 in the Central District of California, the district where the

Aircraft is located, and the only district with *in rem* venue under Section 1391(f).  That litigation

strategy decision was not a thoughtless whim on Plaintiff's part.  Plaintiff knew all about the

Trust when it commenced its action in the Central District of California—identification of the

Trust appeared prominently in Plaintiff's unsuccessful TRO application, and authenticated

copies of the Trust documents (obtained from the FAA's public records) were attached to

Plaintiff's California motion papers.  *See* California Action at Dkt. No. 3 at 8:11-19 ("Plaintiff

---

[2]  A bank "provides aircraft 'owner trust' services, pursuant to FAA regulations that allow non-U.S. citizens to transfer legal title of an aircraft to a trustee who is citizen of the U.S. through a vehicle known as 'an aircraft owner trust.'  In addition to the trust agreement, whereby title to the aircraft is transferred, the parties also execute an operating agreement, which allows the beneficiary of the trust (the original, non-U.S. owner of the aircraft) to maintain the aircraft while the trustee holds the title and files for FAA registration of the aircraft."  *Lima Delta Co. v. Global Aerospace, Inc.*, 752 S.E.2d 135, 137 (Ga. App. 2013).

pulled the Federal Aircraft Administration's aircraft records and determined that the Aircraft is currently held in a non-U.S. citizen trust maintained by the Bank of Utah.").  Ten months ago, this recognition convinced Plaintiff that the right (and only) federal district in which it could vindicate its judgment is the federal district in which the sought-after asset of its judgment debtor—the Aircraft—is located.  If all Plaintiff wanted was to get a piece of the Trust's intangible beneficial interest and not execute on the Aircraft itself, Plaintiff would have first sued here in Utah, not in Los Angeles.  Plaintiff is forum shopping without proper venue in Utah, not, as it dissembles, claiming only a locally-located, intangible and unmonetizable trust interest.

Realizing the net proceeds from the attachment and sale of the Aircraft is Plaintiff's sole litigation aim.  But to do that, Plaintiff has to attach and execute on the Aircraft *in California*, because this Court does not have *in rem* jurisdiction over the Aircraft.  *See Baker v. General Motors Corp.*, 522 U.S. 222, 235 (1998) (judgment cannot be enforced against asset located outside forum state); *Shaffer v. Heitner*, 433 U.S. 186, 236 n.36 (1977) (only court in the state where the asset is located has *in rem* jurisdiction to order attachment or execution on that asset to enforce a judgment); *Aequitas Enterprises, LLC v. Interstate Investment Group, LLC*, 2011 UT 82 at ¶ 22, 267 P.3d 923 ("our rules do not allow the issuance of extraterritorial writs of attachment"); *Taylor v. Taylor*, 192 Cal. 71, 76-77 (1923) (invalidating Nevada divorce judgment transferring title to property located in California).  Without *in rem* jurisdiction over the subject of the action, this Court can have no *in rem*-based venue.

For these reasons, this Court lacks *in rem* venue over this action under Section 1391(f).

**2.    "Transactional" Venue Is Improper Because A Substantial Part Of The Events Or Omissions Giving Rise To The Claims Did Not Occur In This District**

Plaintiff also alleges "transactional" venue under Section 1391(f)(1), arguing that "a

substantial part of the events or omissions giving rise to the claim occurred" in this District.  *See* FAC at ¶ 7.  Again, Plaintiff misses the mark.

"Courts have required extensive events or omissions giving rise to a claim to occur in the forum in order for venue to be appropriate under the FSIA venue provision."  *Tifa Ltd. v. Republic of Ghana*, 692 F. Supp. 393, 405 (D.N.J. 1988) (citing cases).  "In evaluating whether a 'substantial part of the events or omissions giving rise to the claim' occurred in this District, the Court must consider the entire circumstances and events pertaining to the [claim]."  *Wye Oak Technology, Inc. v. Republic of Iraq*, 2010 WL 2613323 at *10 (E.D. Va. June 29, 2010).

In *Tifa*, plaintiff, based in New Jersey, negotiated a contract with an agency of the government of Ghana to manufacture and administer pesticides in Ghana for a pest-eradication program.  After the pesticides were delivered, the agency reneged on the contract at the direction of the Ghanaian government, and plaintiff was not paid for its goods or work.  *Id*. at 395-98.  The district court held that venue was improper in New Jersey.  *Id*. at 406.  The first meeting of the parties occurred in New Jersey, and the goods were shipped from there.  "Nonetheless, these two events are not a substantial part of the events which gave rise to this action."  *Id*.  The claims substantially arose from the actions and omissions of the Ghanaian government in Ghana, and its relationship with Ghana's pest eradication agency.  *Id*.  "The significant events giving rise to this claim all took place outside of New Jersey."  *Id*.

In *Wye Oak*, the parties had reviewed the military procurement contract at the Pentagon (in the plaintiff's chosen venue), and the defendant government also maintained bank accounts and personnel in the forum district.  *See* 2010 WL 2613323 at * 10-11.  Venue was improper in Virginia, however, because "the factual allegations in the complaint make clear that virtually all

9

of the acts and omissions occurred in Iraq." *Id.* at * 10.  *Cf. Elemary v. Philipp Holtzmann AG*, 533 F. Supp. 2d 144, 151 (D.D.C. 2008) (no venue in D.C. when only insubstantial part of alleged conspiracy over USAID contract kickback scheme occurred locally, but a substantial part of the events occurred in Egypt).

These cases are instructive here.  As in *Tifa* and *Wye Oak*, "the extensive events," "the significant events" and "virtually all of the acts or omissions" giving rise to the claims occurred outside the United States and in U.S. states other than Utah.

Thus, Plaintiff's action relates to a judgment rendered by a European arbitrator on a debt derived from unpaid-for contractual work performed for the Congolese government by a Congolese company in Congo.  *See* FAC at ¶¶ 8-10, 26-48.  Similarly, the crux of Plaintiff's complaint is that the Republic of Congo is the alter ego of ECAir, which would allow Plaintiff to execute on ECAir's Aircraft (nominally owned by a trust administered by Bank of Utah) to satisfy its foreign judgment.  *See* FAC at ¶¶ 16-18, 64-108.  Substantially all the events pertaining to the alter ego claim occurred outside Utah.

The alter ego allegations concern: the airline's incorporation by a Congolese statute; the appointment process for and identity of its Congo-based board of directors; the contents of ECAir's accounts prepared and published in Congo; the Republic's government's payments in Congo to assist payment of the airline's capital investments, loans, and cash flow; the Republic's involvement in the Washington-based purchase of the Aircraft from Boeing; and the airline's recent equity restructuring in Congo.  *Id.*  These alter ego-related acts and omissions occurred not in Utah, but in Congo (the founding, funding, and operation of ECAir), and in Washington (the purchase of and payment for the Aircraft), and in California (the delivery and storage of the

Aircraft), and in Illinois (the financing of ECAir's purchase of the Aircraft from Boeing).

Further, none of this lawsuit's main protagonists has any direct contact with Utah. Plaintiff is a Congolese corporation with no physical presence or prior business activity in the United States.  The primary defendant is the Republic of Congo, whose only U.S. presence is its (statutorily immune) embassy in Washington, D.C.  The other significant defendant, ECAir, is a Congolese corporation which has no interests or flights or office or employees in the United States, and whose only United States relationship is that it bought, and is the beneficial owner of, an aircraft purchased from Boeing in Washington and stored in California, and which is nominally owned while in the U.S. by an aircraft owner trust whose owner trustee is a Salt Lake City bank.  *See* FAC at ¶ 3.

In contrast, the only activity that occurred in Utah was ECAir's use of a Salt Lake City bank as the Aircraft's nominal owner trustee to comply with FAA regulations while the Aircraft is in Washington or California (but never in Utah).  *Id*. at ¶ 56.  Bank of Utah's local residence is irrelevant for venue purposes.  *See Oceanic Exploration*, 2007 WL 420186 at *1.  And, in the context of the First Amended Complaint's allegations as a whole, *see Wye Oak*, 2010 WL 2613323 at *10, the Bank's actions are insubstantial, not "extensive," and insufficiently "significant" to establish transactional venue in this District.  *See Tifa,* 692 F. Supp. at 405.

The Aircraft's owner trustee is the action's only link to this District.  According to the First Amended Complaint, Bank of Utah has no real interest in the dispute:  its ownership of the Aircraft is "for the sole purpose of effecting registration with the FAA and holding legal title thereto."  FAC at ¶ 57.  Bank of Utah's role as trustee is entirely perfunctory; no decision is ever made in Utah—if action is needed about the Aircraft's ownership, bank officers take direction

from ECAir in Congo; if action is needed about the loan, they take direction from RPK, the lender, in Chicago.  *See* Deposition of Jon Croasmun (Oct. 11, 2016) at 20:3-13; 39:4-24 ("The quick and dirty is the bank does whatever RPK tells us to do.").  As the trustee of a non-citizen aircraft owner trust, Bank of Utah has no financial, operative, or control rights over the Aircraft.  *See* n.2 *supra; see also* Aircraft Operating Agreement (attached to Dkt. No. 44 in Case No, 2:16-CV-00404) at ¶ 1 (granting ECAir "the exclusive right to possess, use and operate the Aircraft").

Transactional venue under Section 1391(f) requires that "a *substantial* part of the events or omissions giving rise to the claim occurred" in the District.  The involvement of Bank of Utah and the Trust in the events that gave rise to Plaintiff's claims against the Republic were, at best, insubstantial, preluding venue in this District.  *See Chukwu v. Air France*, 218 F. Supp. 2d 979, 989 (N.D. Ill. 2002) (Illinois is not proper venue for claim against foreign state-owned airline arising from flight from Nigeria to San Francisco via Paris: "Although the ticket was purchased in Illinois, none of the acts that form the gravamen of plaintiff's complaint occurred in Illinois.").

Plaintiff is engaged in forum-shopping to avoid being held to its TRO loss in the California Action.  Plaintiff should be held to its original venue determination:  "As a general rule, when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."  *Alter v. FDIC*, 57 F. Supp. 3d 1325, 1331 (D. Utah 2014).

Moreover, because Plaintiff has no connection to Utah, its choice of this venue is entitled to no deference.  This is especially true here since Plaintiff previously chose to litigate the dispute elsewhere.  *See Philippine Airlines*, 1987 WL 14541 at * 2 (rejecting D.C. venue for FSIA action against state-owned airline involving the same subject as prior California suit between the parties over the same issue:  "The Central District of California's familiarity with

the history of this case militates in favor of transfer to that forum."). Also, because California state law controls Plaintiff's efforts to attach and execute on the Aircraft, a California court is likely to be a more efficient forum. *See id.* ("The Central District of California . . . is unquestionably more familiar than this Court with California law.").

In sum, just as there is no *in rem* venue in the District of Utah because the Aircraft is in California, there is also no Section 1391(f)(1) transactional venue in this District because a substantial part of the events giving rise to Plaintiff's claims did not occur here. The Court should dismiss the action for improper venue.[3]

## CONCLUSION

For the reasons set forth above, the Court should grant Bank of Utah's motion to dismiss the First Amended Complaint for failure to state a claim or lack of FSIA jurisdiction. Because ECAir has joined that Motion, the dismissal should apply to all defendants.

---

[3] If the Court should conclude that venue is improper but decides that dismissal is an inappropriate remedy, the Court should transfer venue pursuant to 28 U.S.C. § 1406(a). *See Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 577 (2013) ("When venue is challenged, the court must determine whether the case falls within [the pertinent venue statute]. If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."); *Continental Casualty Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 754 (E.D. Va. 2012) (venue improper in E.D. Virginia under Section 1391(f)(1)-(3); transferring action to District of Columbia under Sections 1391(f)(4) and 1406(a)).

This action belongs, if anywhere, either in the Central District of California, the venue where the Aircraft that is the subject of this action is located (and which has *in rem* jurisdiction) and where Plaintiff commenced its litigation efforts ten months ago, or in the District of Columbia, the "default" jurisdiction under Section 1391(f)(4). *See Commissions*, 2012 WL 1468486 at * 5 (transferring venue of action from New York to D.C.)*; Oceanic Exploration,* 2007 WL 420186 at * 1-5 (transferring venue of action from D.C. to Southern District of Texas); *Air France*, 218 F. Supp. 2d at 988-90 (transferring venue of action from Illinois to Northern District of California); *Philippine Airlines*, 1987 WL 14541 at * 1-2 (transferring venue of action from D.C. to Central District of California).

Otherwise, the Court should dismiss the action for improper venue.

Dated:  January 27, 2017                          LAW OFFICES OF BRIAN C. WEBBER

                                                  ARNOLD & PORTER KAYE SCHOLER LLP

                                                  */s/ Brian C. Webber*
                                                  *Attorneys for Defendant*
                                                  EQUATORIAL CONGO AIRLINES, S.A.